UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANTE DELORETO | : | |
| Plaintiff | : | |
| | : | Case No. 3:00cv1011 (JCH) |
| v. | : | |
| | : | |
| SEBASTIAN SPADA | : | |
| and GARY CHUTE | : | |
| Defendants | : | February 5, 2004 |

<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Defendants, Sebastian Spada and Gary Chute, hereby submit Defendants' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Filed contemporaneously with this motion are (1) Defendants' Memorandum of Law in Support of Motion for Summary Judgment and (2) Defendants' Local Rule 9(c) Statement of Undisputed Facts.

Wherefore, the Defendants move that their Motion for Summary Judgment be granted in its entirety.

Respectfully submitted this 5th day of February, 2004.

DEFENDANTS

By Office of Corporation Counsel

_____

Irena J. Urbaniak
Attorney for Defendants
Office of the Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut    06051
Tel. (860) 826-3420
Federal Bar Number ct01322

CERTIFICATION

I hereby certify that on February 5, 2004, a copy of the

above was mailed to the pro se plaintiff:

Dante DeLoreto
33 Maxwell Drive
Wethersfield, Connecticut 06109

_____

Irena J. Urbaniak
Attorney at Law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
DANTE DELORETO                   :
      Plaintiff                  :
                                 :    Case No. 3:00cv1011 (JCH)
      v.                         :
                                 :
SEBASTIAN SPADA                  :
and GARY CHUTE                   :
      Defendants                 :    February 5, 2004
```

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.   <u>FACTS</u>

The plaintiff, Dante DeLoreto, filed an action against

Sebastian Spada and Gary Chute ("defendants") alleging that the

defendants unlawfully seized the plaintiff in violation of the

First, Fourth, and Fourteenth Amendments, as well as in

violation of state law.  In particular, the plaintiff claims

that the two defendants, both City of New Britain police

officers acting under color of law, violated the plaintiff's

rights by illegally pursuing him, forcing his vehicle off the

road, and then detaining the plaintiff all outside their lawful jurisdiction.  The plaintiff further claims that the defendants then falsely reported that the plaintiff violated Connecticut motor vehicle laws.

II.  <u>STANDARD OF REVIEW</u>

Rule 56(c) of the Federal Rules of Civil Procedure provide that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986).  The standard under Rule 56 "mirrors" that "for a directed verdict under . . . Rule 50(a), which is that the trial

judge must direct a verdict if, under the governing law, there can be but one conclusion as to the verdict." <u>Id</u>., at 250 (citations omitted).

The summary judgment procedure is not a disfavored procedural shortcut, but an integral part of the Federal Rules as a whole. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327, 106 S.Ct. 2548 (1986). Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis. <u>Id</u>, "[I]f the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary." <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). A party opposing summary judgment may rely upon any of the evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Fed. R. Civ. P. 56(e);

Celotex Corp., 477 U.S. at 324.  Rather than resting upon "mere conclusory allegations or denials as a vehicle for obtaining a trial," the non-moving party "must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful."  Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might reasonably find for the plaintiff.  Anderson, 477 U.S. at 252.  In the absence of such a minimal showing, a defendant should not be required to undergo the considerable expense of preparing for and participation in a trial.  Evans v. Bally's Health and Tennis, Inc., 1994 WL 121479 (D.Md. 1994).  In order to proceed to trial, a genuine issue of fact must be presented.  "When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial.'"  Id.

III.  ARGUMENT

A.  **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S 42 U.S.C. SECTION 1983 DUE TO PLAINTIFF'S FAILURE TO SUCCESSFULLY HAVE THE UNDERLYING CRIMINAL MATTER TERMINATED IN HIS FAVOR.**

This court should grant Defendants' Motion for Summary Judgment as to plaintiff's First Cause of Action (42 U.S.C. Section 1983) against Sebastian Spada and Gary Chute.  Even viewed in the light most favorable to the plaintiff, no genuine issues of fact remain with respect to this claim against Officer Sebastian Spada and Officer Gary Chute.

This court is confronted with a situation where all the plaintiff's federal claims depended on the resolution of the state criminal proceeding.  Where allegations of a constitutional injury would imply that a conviction or sentence were invalid, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey,

512 U.S. 477, 486-87 (1994).  The court must dismiss any claim in this regard, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.  Until that point, no claim for constitutional injury under Section 1983 accrues.  Id. at 489-90.

A criminal proceeding terminates in favor of the plaintiff only when its "final disposition is such as to indicate the accused is not guilty."  Singleton v. City of New York, 632 F.2d 185, 193 (2nd Cir. 1980).  A nolle, like "[a]n adjournment in contemplation of dismissal . . . involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt."  Id.  Paragraph 12 of plaintiff's Amended Complaint dated August 1, 2000, states the charge against the plaintiff was nolled.  (Exhibit A, Amended Complaint, dated August 1, 2000.)

Because the plaintiff Dante DeLoreto has failed to prove and can not prove that the underlying criminal proceeding terminated in his favor, judgment must enter in favor of the defendants in plaintiff's first cause of action, 42 U.S.C. Section 1983.

B.    **JUDGMENT MUST ENTER IN FAVOR OF THE DEFENDANTS IN PLAINTIFF'S SECOND CAUSE OF ACTION (CONNECTICUT CONSTITUTION) SINCE THE DEFENDANTS' ALLEGED ACTS OR OMISSIONS ARE PROTECTED BY IMMUNITY.**

In the second cause of action, plaintiff alleges that the defendants' actions violated "Article First, Sections 4, 5, 7, and 9 of the State Constitution." (Exhibit A, Amended Complaint dated August 1, 2000, paragraph 19.) Article 1, Section 4 of the State of Connecticut Constitution states:

> "Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty."

Article 1, Section 5 of the State of Connecticut Constitution states:

> "No law shall ever be passed to curtail or restrain the liberty of speech or of the press."

Neither Section 4 or Section 5 of the First Article to the State of Connecticut Constitution are applicable in this matter. The complaint is void of allegations stating that plaintiff's liberty of speech was curtailed. In addition, the complaint is void of allegations stating that laws were passed to curtail or restrain the liberty of speech or of the press. The matter

–7–

alleges the plaintiff was pulled over and arrested for violating the State of Connecticut motor vehicle laws. The facts of the case as portrayed in the amended complaint make no allegation regarding the plaintiff's freedom of speech being curtailed.

Article 1, Section 7 of the State of Connecticut Constitution states:

> "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

Article 1, Section 9 of the State of Connecticut Constitution states:

> "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

Under the Fourth Amendment of the United States Constitution and also the State of Connecticut Constitution, a police officer is permitted in appropriate circumstances and in an appropriate manner to detain an individual for investigative purposes if the officer believes, based on a reasonable and articulable suspicion, that the individual is engaged in

criminal activity, even if there is no probable cause to make an arrest.  State v. Lipscomb, 779 A.2d 88, 258 Conn. 68 (2001).

On April 28, 1999, the defendants witnessed the plaintiff passing the officers' vehicle at a high rate of speed, making hand gestures at the officers, and making a sudden lane change directly in front of the defendants causing them to come to an abrupt stop.  After observing the erratic driving behavior of the plaintiff, the defendant officers entered the vehicle plate numbers into the NCIC computer to check on the ownership of the vehicle.  The plaintiff continued to drive erratically by speeding away, making further unsafe lane changes without giving proper signal and further cutting off other vehicles.  The plaintiff, on his own initiative, pulled over at the side of the road.  The officers stopped behind the plaintiff's vehicle, identified themselves, and requested to see plaintiff's driver's license, registration and insurance card.  Wethersfield police were called by the defendants to respond to the site.  (Exhibit D, New Britain Police Department Incident Report Case No. 99-16,645 dated April 29, 1999.)

In order to ascertain whether governmental immunity applies in a given case, it must be determined whether there exists a public or private duty alleged by the plaintiff and whether the alleged acts or omissions were either governmental or ministerial.  Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 166-70, 544 A.2d 1185 (1988).  Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature and generally impose no liability.  In contrast, "[m]inisterial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.  Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226 (1994).  Generally, liability can attach for the misperformance of ministerial acts, but the performance of governmental acts is immune from liability, qualified by certain exceptions.  Id., 727-28, 643 A.2d 1226.

Courts have found that police officers, in performing police functions and enforcing the law, are carrying out a discretionary governmental function as opposed to a ministerial propriety function.  Iulo v. Milford, 1990 WL 265711

(December 19, 1990, Fuller, J.).  See also, Gonzalez v. City of
Bridgeport, 1993 WL 197874 (June 2, 1993, Fuller, J.)("The
investigation of crimes and decisions to make arrests for them
is clearly a discretionary rather than a ministerial function.")

In light of plaintiff's allegations and the cases discussed
above, the acts alleged in the second cause of action are
discretionary acts for which the defendants have immunity.

C.    **MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED IN
      DEFENDANTS' FAVOR IN THE THIRD CAUSE OF ACTION.**

The third cause of action alleges torts of intentional
infliction of emotional distress, malicious prosecution, false
imprisonment and violation of Connecticut General Statutes
Section 54-1f.

An essential element that a plaintiff must allege and prove
in a false imprisonment or malicious prosecution case is a
favorable resolution of the underlying criminal charge.  McHale
v. W.B.S. Corp., 187 Conn. 444, 447 (1982).  A criminal
proceeding terminates in favor of the plaintiff only when its
"final disposition is such as to indicate the accused is not
guilty."  Singleton v. City of New York, 632 F.2d 185, 193 (2nd

Cir. 1980).  A nolle, like "[a]n adjournment in contemplation of dismissal . . . involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt."  Id.   Paragraph 12 of the amended complaint states that the charges were nolled.  Because the plaintiff has failed to allege nor can he prove that the underlying criminal proceeding terminated in his favor, summary judgment regarding the false imprisonment and malicious prosecution cause of actions must be granted in the defendants' favor.

"For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established.  It must be shown:  (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986) . . . Liability for intentional infliction of

emotional distress requires conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Citation omitted; internal quotation marks omitted.) Muniz v. Kravis, 59 Conn. App. 704, 708, 757 A.2d 1207 (2000).

The plaintiff has not pled facts that support his allegations that the defendants' conduct was extreme and outrageous. For purpose of the tort of intentional infliction of emotional distress, extreme and outrageous conduct is the conduct that exceeds "all bounds usually tolerated by decent society . . . Petyan v. Ellis, supra, 200 Conn. at 254 n. 5, 510 A.2d 1337, quoting W. Prosser & W. Keeton, Torts (5th Ed. 1984) Section 12, p. 60. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in

hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citation omitted; internal quotation marks omitted.)  Appleton v. Board of Education, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000).  Pulling over an individual who is violating Connecticut motor vehicles laws is not extreme and outrageous conduct. Therefore, summary judgment should enter in the defendants' favor for the cause of action of intentional infliction of emotional distress.

Connecticut General Statutes Section 54-1f is also inapplicable to the facts in the complaint.  The named defendants did not arrest the plaintiff.  The plaintiff as stated in his own complaint was arrested by the Wethersfield police officer.  The plaintiff in the present case was not arrested by the defendants, but was stopped by the defendants who were on duty extraterritorial police officers.  The detention of the plaintiff in the present case did not violate the statutory provisions of Section 54-1f because the detention was not an arrest.  State v. Czyzewski, 797 A.2d 643, 70 Conn.

App. 297, certification denied 806 A.2d 49, 261 Conn. 911
(2002).  The officer who had jurisdictional authority to make
arrests made arrest of the plaintiff.  Therefore, summary
judgment should also enter in the defendants' favor in this
cause of action.

D.    **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THE ENTIRE
      COMPLAINT BASED ON QUALIFIED IMMUNITY.**

This Court should grant Defendant's Motion for Summary
Judgment as to all claims made against defendants, Sebastian
Spada and Gary Chute.  Even viewed in the light most favorable
to the plaintiff, no genuine issues of fact remain with respect
to the claims against the defendants.  The defendants, Spada and
Chute, have qualified immunity.

The issue of qualified immunity turns on whether individual
public officials have violated clearly established federal law.
Conn. V. Gabbert, ___, U.S. ___, 119 S.Ct. 1292, 143 L.Ed.2d 399
(1991); Swint v. Chambers County Commission, 514 U.S. 35, 115
S.Ct. 1203, 131 L.Ed.2d 60 (1995).  Harlow v. Fitgerald, 457
U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), defined
qualified immunity as that immunity that shields governmental

officials performing discretionary functions from civil damages
"insofar as their conduct does not violate clearly established
statutory or constitutional rights of which a reasonable person
would have known." Harlow, 457 U.S. at 818. Harlow requires
courts to look to whether a reasonable official could have
believed his or her conduct to be lawful in light of clearly
established law and the information possessed by the official at
the time the conduct occurred. Harlow, 483 U.S. at 641. This
doctrine "balances society's interest in providing a remedy for
injured victims and discouraging unlawful conduct with that of
enabling public officials to act independently and without fear
of consequences." Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir.
1992).

The Supreme Court has emphasized the importance of the
qualified immunity defense. In Hunter v. Bryant, 502 U.S. 224,
112 S.Ct. 534, 116 L.Ed.2d 589 (1991), the Supreme Court noted
that "we repeatedly have stressed the importance of resolving
immunity questions at the earliest possible stage in
litigation." 502 U.S. at 226. The Court in Hunter stated also

that "[i]mmunity ordinarily should be decided long before the trial." Id. at 227.  The Court further stated that "qualified immunity gives ample room for mistaken judgment by protecting all but the plainly incompetent or those who knowingly violate the law." Id. at 229.  The Hunter Court made it clear that the question of qualified immunity was for the Court, not the trier of fact.  Id.

A public official or employee has a qualified immunity defense to a Section 1983 action to recover damages if it can be shown that his or her actions did not violate clearly established constitutional or federal law.  Seigery v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

In Sanders v. Howze, 177 F.3d 1245 (11th Cir. 1999), the court noted that because qualified immunity shields governmental actors in all but exceptional cases, courts should think long and hard before stripping defendants of this immunity.  The court also held that the plaintiff must set forth specific facts of previous cases relied upon in order to overcome the qualified immunity, and, while the cases need not be the same as the facts of the immediate case, they must be materially similar.

The raising of the qualified immunity defense triggers a three prong inquiry:  (1) whether the plaintiff has asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiff, there are no genuine issues of material fact as to whether a reasonable officer would have known that the alleged action violated that right.  Burnham v. Ianni, 119 F.3d 668, 673-74 (8th Cir. 1997).

There is a presumption in favor of immunity for public officials acting in their individual capacities.  Hidahl v. Gilpin County DSS, 938 F.2d 1150, 1155 (10th Cir. 1991).  "Once a defendant asserts qualified immunity, the plaintiff bears the burden of proving that the defendant violated a law that was clearly established."  Lenz v. Dewey, 64 F.3d 547, 550 (10th Cir. 1995).  See also, Lawmaster v. Ward, 125 F.3d 1341, 1350 (10th Cir. 1997)(A plaintiff faced with the defense of qualified immunity bears not only the burden of showing the officer's conduct violated the Constitution, but also bears the burden of

showing the officer's conduct violated law that was "clearly established" such that a reasonable officer would have known the conduct violated the established right.).

Abrogation of qualified immunity is properly the exception, not the rule. Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Police officers are protected in "close cases" by the doctrine of qualified immunity, and that immunity serves to protect law enforcement officers from the chilling threat of liability. Swain v. Spinney, 117 F.3d 1, 10 (1st Cir. 1997). Qualified immunity insures that officers are accorded "'a fairly wide zone of protection.'" Id.

Summary judgment based on qualified immunity is available when a defendant's actions were objectively reasonable. Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993). If reasonable public officials could differ on the legality of a defendant's actions, the defendant is entitled to qualified immunity. Wren v. Towe, 130 F.3d 1154, 1159-60 (5th Cir. 1997).

In this matter, the defendants had witnessed plaintiff driving recklessly, traveling at a great speed, switching lanes,

and making hand gestures.  (Exhibit D, New Britain Police Department Incident Report Case No. 99-16,645 dated April 29, 1999.)  Based on the plaintiff's erratic behavior, the defendants Spada and Chute pulled the defendant over and waited for the Wethersfield Police Officer to arrive on the scene.

Applying the summary judgment and qualified immunity standards discussed <u>supra</u>, to the observations of the defendants, no rational trier of fact could conclude that the actions of the officers violated clearly established statutory or constitutional rights.

IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendants' Motion for Summary Judgment should be granted in its entirety.

                              DEFENDANTS

                              By Office of Corporation Counsel


                              _____
                              Irena J. Urbaniak
                              Attorney for Defendants
                              Office of the Corporation Counsel
                              City of New Britain
                              27 West Main Street
                              New Britain, Connecticut   06051
                              Tel. (860) 826-3420
                              Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on February 5, 2004, a copy of the

above was mailed to the pro se plaintiff:

Dante DeLoreto
33 Maxwell Drive
Wethersfield, Connecticut 06109

_____
Irena J. Urbaniak
Attorney at Law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DANTE DELORETO                 :
    Plaintiff              :
                           :    Case No. 3:00cv1011 (JCH)
    v.                     :
                           :
SEBASTIAN SPADA                :
and GARY CHUTE                 :
    Defendants             :    February 5, 2004

DEFENDANTS' LOCAL RULE 9(c)
STATEMENT OF UNDISPUTED FACTS

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the United States District Court, District of Connecticut Local Rule 9(c), the defendants, Sebastian Spada and Gary Chute, provide the following statement of undisputed facts in support of Defendants' Motion for Summary Judgment:

    1.  During all times mentioned, the defendants, Sebastian Spada and Gary Chute, were at all relevant times herein municipal employees of the City of New Britain, a duly incorporated municipality of the State of Connecticut, and serving as police officers of said municipality.  (Exhibit A, Amended Complaint, dated August 1, 2000, paragraph 4 and Exhibit

B, Answer to Amended Complaint, dated October 4, 2000, paragraph 4.)

2.  On or about April 29, 1999, the plaintiff was operating his pickup truck on a public roadway in the City of Hartford. (Exhibit A, Amended Complaint, dated August 1, 2000, paragraph 6.)

3.  The plaintiff was arrested by a Wethersfield Police Officer, not the City of New Britain police officer defendants, and charged for reckless driving, a violation of Connecticut General Statutes Section 14-222.  (Exhibit A, Amended Complaint, dated August 1, 2000, paragraph 11.)

4.  On a subsequent appearance in the Superior Court, the charge was nolled against the plaintiff.  (Exhibit A, Amended Complaint, dated August 1, 2000, paragraph 12, and Exhibit C, Defendants Status Report, dated December 15, 2003.)

Respectfully submitted this 5th day of February, 2004.

DEFENDANTS
By Office of Corporation Counsel

_____
Irena J. Urbaniak
Attorney for Defendants
Office of the Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut   06051
Tel. (860) 826-3420
Federal Bar Number ct01322
-2-

<u>CERTIFICATION</u>

I hereby certify that on February 5, 2004, a copy of the

above was mailed to the pro se plaintiff:

Dante DeLoreto
33 Maxwell Drive
Wethersfield, Connecticut 06109

_____

Irena J. Urbaniak
Attorney at Law