UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANTE DELORETO                    :
            Plaintiff              :
                                   :         CIVIL ACTION NO.
V.                                 :         3-00-cv-1011 (JCH)
                                   :
SEBASTIAN SPADA, ET AL            :         MARCH 10, 2004
            Defendants             :

**NOTICE TO PRO SE LITIGANT**

On February 5, 2004, the defendants filed a Motion for Summary Judgment (Dkt.

No. 59).  In a motion for summary judgment, the burden is on the moving party to

establish that there are no genuine issues of material fact in dispute and that it is entitled to

judgement as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir.

2000).  Once the moving party has met its burden, in order to defeat the motion the

nonmoving party must "set forth specific facts showing that there is a genuine issue for

trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find

in his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

The court hereby gives notice to the pro se plaintiff that the plaintiff must

demonstrate to the court that material issues of fact exist such that granting summary

judgment would not be appropriate.  The plaintiff may not rely on conclusory allegations,

from either his complaint or his motions.  DeLoreto must present evidence to the court in

the form of affidavits, deposition testimony, or records that substantiate his claim that the

defendants unlawfully seized the plaintiff.

The plaintiff's memorandum with supporting evidence must be filed by **MAY 27,**

**2004**.  The court reminds the plaintiff that any filing with the court must be served, by

mail, at the same time upon defendants' counsel.  If the plaintiff does not file such a

memorandum, the defendants' motion will likely be granted, and the claims the defendants

seek to have dismissed will likely be dismissed.  See Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir.

1994) (court has obligation to make certain that pro se litigants are aware of the local rules

and understand the consequences of the failure to comply with such rules).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of March, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge