UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANTE DELORETO : | |
|     Plaintiff : | |
| : | Case No. 3:00cv1011 (JCH) |
| v. : | |
| : | |
| SEBASTIAN SPADA : | |
| and GARY CHUTE : | |
|     Defendants : | March 23, 2004 |

MOTION FOR PROTECTIVE ORDER

    Pursuant to this Court's inherent power to carry out its functions under Article III of the United States Constitution and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendants, Sebastian Spada and Gary Chute, and their attorney, respectively move for a Protective Order to save them from the annoyance, oppression and undue burden imposed upon them by the pro se plaintiff's pattern of harassment and abuse related to this action.

In support of this motion, the defendants submit the attached memorandum of law and its attachments.

        DEFENDANTS

        By Office of Corporation Counsel

        _____
        Irena J. Urbaniak
        Attorney for Defendants
        Office of the Corporation Counsel
        City of New Britain
        27 West Main Street
        New Britain, Connecticut   06051
        Tel. (860) 826-3420
        Federal Bar Number ct01322

## CERTIFICATION

I hereby certify that on March 23, 2004, a copy of the above was mailed to the pro se plaintiff:

    Dante DeLoreto
    33 Maxwell Drive
    Wethersfield, Connecticut 06109

        _____
        Irena J. Urbaniak
        Attorney at Law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANTE DELORETO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:00cv1011 (JCH) |
| v. | : | |
| | : | |
| SEBASTIAN SPADA | : | |
| and GARY CHUTE | : | |
|     Defendants | : | March 23, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER

I.    BACKGROUND

The plaintiff, Dante DeLoreto, filed an action against Sebastian Spada and Gary Chute ("defendants") alleging that the defendants unlawfully seized the plaintiff in violation of the First, Fourth, and Fourteenth Amendments, as well as in violation of state law.  In particular, the plaintiff claims that the two defendants, both City of New Britain police officers acting under color of law, violated the plaintiff's rights by illegally pursuing him, forcing his vehicle off the road and then detaining the plaintiff all outside their lawful

jurisdiction. The plaintiff further claims that the defendants then falsely reported that the plaintiff violated Connecticut motor vehicle laws.

II. <u>HARRASING PLEADINGS</u>

A. Motion; Summary Judgment dated January 7, 2004

   "Irena Irbaniak swithed police reports
   Plaintiff has different police reports
   Ha Ha Ha Ha"  (Exhibit A)

B. Motion: Impeach Irbaniak dated February 7, 2004

   "Irbaniak is a liar . . .
   Ha Ha Ha . . . ."  (Exhibit B)

C. Motion; Summary Judgment dated February 12, 2004

   "Plaintiff moves to summary judgment based on the fact that Irena Irbaniak made Intentional False Misrepresentations to Judge Hall in her latest February 5, 2004 Motion Defendants "Motion for Summary Judgment".  (Exhibit C)

D. Motion: Chronic Liar Syndrome dated March 11, 2004

   "Judge Hall, your Honor chronic liars syndrome is what we are dealing with here. . ."  (Exhibit D)

E. Motion; Irbaniak is lying again dated March 11, 2004

   (Exhibit E)

F. Motion: Formal Meeting Demanded dated March 11, 2004

   "Judge Hall, here we go again with the lies Chute, heres a man who made the Front page of every local paper, went to trial for five (5) days but claims through his lying lawyer. . ."  (Exhibit F)

-2-

    G.    Motion; Examine Irbaniak Competency dated March 11, 2004

>  "1. Irbaniak a chronic liar claims the "FBI" and "Chute" Incident are false
>  2. At this point Irbaniak a chronic liar probably does not know when she is lying or telling the truth
>  3. Irbaniak denies the "FBI" and the "Chute" Incident is just plain lying."  (Exhibit G)

    H.    Motion; Chronic Liar Syndrome dated March 11, 2004

(Exhibit H.)

    I.    Motion; Examine lies dated March 11, 2003

(Exhibit I)

    J.    Motion; Stop Actions dated March 11, 2004

>  "1. To many lies
>  2. Irbaniak the Vantastic liar is so distorted and tells so many lies that Irbaniak probably doesn't even know the truth . . ."  (Exhibit J)

    K.    Motion; Chronic liars Syndrome dated March 11, 2004

>  "1. Judge Hall, Your Honor plaintiff feels Chute and Irbaniak are not capable of telling the truth, chronic liars have the same problems . . ." (Exhibit K)

    L.    Motion: Information is True dated March 11, 2004

>  " . . . If Chute does not remember whole page article and [5] day trial, he is a liar like his attorney." (Exhibit L.)

III. <u>LEGAL ARGUMENT</u>

A. **<u>PLAINTIFF'S HARASSMENT AND PERSONAL ATTACKS MUST STOP</u>**.

"Federal Courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." <u>In Re Anthony R. Martin-Trigona</u>, 737 F.2d 1254, 1261 (2d Cir. 1984)(affirming, in part, injunction against pro se plaintiff's abusive litigation tactics). As the Court held in <u>Martin-Trigona</u>:

> [T]he United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.

<u>Martin-Trigona</u>, 737 at 1262.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may enter "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c). In entering a protective order, the Court may "make any order which justice requires." <u>Id</u>. In this case, justice requires that this Court enter an order to prevent the plaintiff from filing

-4-

motions which are harassing and personal attacks of the defendants and their counsel.

Plaintiff has engaged in a pattern and practice of filing harassing and oppressive pleadings which are full of personal attacks on the defendants and their counsel. (See Exhibits A through L.) In sum, the plaintiff has imposed a great burden and expense upon the defendants by his irrational filing of irrelevant pleadings which are personal attacks.

Plaintiff made the allegation but fails to provide any evidence supporting the allegation. The motions were filed to harass and place undue burden on the defendants.

IV. CONCLUSION

For the foregoing reasons, the defendants seek a protective order.

                              DEFENDANTS

                              By Office of Corporation Counsel

                              _____
                              Irena J. Urbaniak
                              Attorney for Defendants
                              Office of the Corporation Counsel
                              City of New Britain
                              27 West Main Street
                              New Britain, Connecticut   06051
                              Tel. (860) 826-3420
                              Federal Bar Number ct01322

-6-

CERTIFICATION

I hereby certify that on March 23, 2004, a copy of the above was mailed to the pro se plaintiff:

    Dante DeLoreto
    33 Maxwell Drive
    Wethersfield, Connecticut 06109

_____
Irena J. Urbaniak
Attorney at Law